165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bennie SINGLETON, Defendant-Appellant.
 No. 97-3907.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 8, 1998.
Decided Oct. 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 659. James B. Zagel, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Circuit Judges.
 ORDER
 Bennie Singleton represented himself at trial and was found guilty of three counts of bank robbery under 18 U.S.C. § 2113(a). In sentencing, the district court increased Singleton's offense level by two points under U.S.S.G. § 3C1.1 for obstruction of justice. Based on Singleton's demeanor at trial, the district court found that Singleton had deliberately used his brother's false testimony at trial as part of a strategy to distract the jury. Because the district court's finding is supported by the record, we affirm.
 In a superseding indictment, Bennie Singleton was charged with robbing three banks, one on August 19, 1996, one on October 8, 1996, and one on October 15, 1996. In response to the government's inquiry about a possible alibi defense, Mr. Singleton stated that he might call his mother, father, and brother to testify that on the dates of the robberies he was making repairs on his parents' house. The case proceeded to jury trial where Mr. Singleton represented himself with standby counsel. During the government's cross-examination, Mr. Singleton's brother, Jesse, testified he remembered seeing Bennie working on their parents' house at the exact time the LaSalle Bank was robbed on October 15, 1996. Nonetheless, the jury convicted Bennie on all counts.
 After the sentencing hearing, the district judge imposed an upward adjustment for obstruction of justice. Judge Zagel stated that he was relying not merely on the fact that the jury disbelieved Jesse's testimony, but also on Bennie's demeanor at trial. Based on a guideline range of 168 to 210 months, Judge Zagel sentenced Bennie to 192 months' imprisonment. On appeal, Bennie challenges the district court's finding that he obstructed justice within the meaning of § 3C1.1.[1]
 We review the district court's interpretation of Sentencing Guideline § 3C1.1 de novo. United States v. Bonilla-Comacho, 121 F.3d 287, 293 (7th Cir.1997). If sufficiently supported by the facts, Judge Zagel's finding that Bennie either suborned Jesse's perjury or intentionally presented false alibi evidence at trial is an appropriate ground for imposing the obstruction of justice increase.
 
 
 1
 There are two possible bases by which we may construe the district court's adjustment for obstruction of justice. The narrower basis is a finding that Bennie suborned Jessie's perjury. Under Application Note 3(b) of § 3C1.1, "committing, suborning, or attempting to suborn perjury" are grounds for finding obstruction of justice. The broader basis is a general finding under § 3C1.1 that Bennie's overall defense strategy amounted to an attempt to obstruct justice in that, irrespective of the issue of Jesse's perjury, Bennie intended for his presentation of alibi evidence to mislead the jury. This court reviews for clear error Judge Zagel's findings of fact as to whether Jesse committed perjury, Bennie suborned perjury, and Bennie intentionally tried to mislead the jury. United States v. Agostino, 132 F.3d 1183, 1198 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).
 
 
 2
 It is difficult for us to affirm the lower court's ruling based only on the narrow finding that Bennie suborned Jesse's perjury. Although Judge Zagel stated that he relied on his observations of Bennie's demeanor at trial in finding subornation of perjury, the judge never elaborated on what specific elements of Bennie's demeanor were out of the ordinary. Without knowing what sort of demeanor evidence influenced the judge to rule as he did, we are unable to assess whether the judge abused his discretion in relying on such evidence to find subornation of perjury.
 
 
 3
 On the broader basis for obstruction of justice, however, the district court properly found that Bennie Singleton presented a false alibi defense in an attempt to obstruct or impede the administration of justice under § 3C1.1. As Bennie himself concedes, the evidence showed that he had robbed the three banks and, therefore, could not have been working on his parents' house at the time of the robberies. By planning and presenting an alibi to the contrary, which he knew to be false, Bennie intentionally attempted to distract the jury. Thus the court had no choice but to impose an adjustment for obstruction of justice. United States v. Zaragosa, 123 F.3d 472, 485 (7th Cir.1997).
 
 
 4
 Because the district court did not clearly err in finding that Bennie Singleton attempted to distract the jury by intentionally presenting false alibi evidence, we AFFIRM.
 
 
 
 [1]
 Mr. Singleton submitted a pro se brief in addition to his counsel's brief for consideration on appeal. One of his arguments involves a juror, a retired law enforcement officer, who was peremptorily struck by the defense but was then allowed to sit as an alternate on the jury for three days of the trial. Mr. Singleton contends that the juror continuously glared at him and created a hostile environment that possibly infected the jury. Although the juror was ultimately dismissed before deliberations began, the potentially prejudicial nature of the situation gives us pause. Nonetheless we do not find the stricken juror's presence adequate grounds for reversal in this case